Day, J.
The demurrer admits the facts alleged in the answer to be true. Do these facts constitute a defense to a recovery on the note upon which the suit was brought ?
It is claimed that they do; because, first, the defendant in error had no power to enter into such a contract; and, ^secondly, such transactions are positively prohibited by the laws of this state.
Under the view taken by the court, it will be unnecessary to con *344 sider the first proposition further than it may be incident to the second.
The defendant in error is a corporation, and derives all its powers from an act of the general assembly, passed January 3,1843, which provides that it “ shall be entitled to all the rights, privileges, and immunities granted by, and shall be subject to all the restrictions of the act in relation to - incorporated religious societies, passed March 5, 1836.” 41 Ohio L. L. 5.
The act of March 5, 1836, provides that an incorporated religous society “ shall have perpetual succession by such name as may be designated, and by such name shall be legally capable of contracting and of prosecuting and defending suits’, and shall have capacity to acquire, hold, enjoy, and dispose of a house for public worship, with the land necessary therefor, not exceeding in quantity one acre; a burying-ground for such society; a parsonage, not exceeding in value the sum of five thousand dollars; and any other property not exceeding in value the sum of five thousand dollars; and any other property not exceeding the annual value of one thousand dollars, which shall be applied to the support of public worship and such institutions of learning and charity as may be connected with such society, and to no other purpose.” S. & C. Stat. 305, note 1.
This corporation, as well as all others, is restricted by the “ act to prohibit unauthorized banking and the circulation of unauthorized bank paper,” passed March 12, 1845, the first section of which provides: “ That no body politic or corporate shall establish a bank, or engage in the business of banking, to receive on deposit, keep, and circulate the money or bank paper of others, without express authority of a law of this state.”
It is stated in express terms in the answer, that this corporation was “ engaged in and carried on the business of banking; ” and it is also shown that its transactions wore such as pertained to that business. But the section above cited prohibits only a particular kind *or species of banking. Its obvious purpose is to prohibit corporations from receiving deposits and doing thereon a banking business. The prohibition contained in the section is limited to such banking as may be engaged in for the purpose of receiving, keeping, and circulating the money or bank paper of others. Pickaway County Bank v. Prather, 12 Ohio St. 497.
The facts alleged in the answer clearly show that the defendant in error was engaged in the very business prohibited by the stat *345 ute; for it had established a savings bank, and was engaged in the business of banking by receiving deposits, by keeping and circulating bank paper, etc.; and the note in suit was, also, executed and discounted in the prosecution of such business. It is, moreover, expressly stated in the'answer that “the money thus loaned was not the legitimate funds of the corporation, nor the proceeds of the same, but the funds of others deposited in said bank to be loaned.”
There can be little doubt but that this transaction came within the prohibition of the statute, unless this corporation had “ express authority of a law of this state ” for so doing.
By the term “ express authority,” in the section under consideration, something more was intended than the general power conferred on corporations to contract, and to acquire, hold, and dispose of property.
This is shown by other sections of the same statute, and accords with the obvious purpose and policy of the act. In addition to the prohibitions of the first section, it is provided in the third that no person, association, or corporation shall make, or attempt to make and circulate any notes or bills as money “ without express authority of a law of this stateand, in the fifth section, the establishment of an office for the redemption of such money, without like “ express authority,” is forbidden.
The legislature had, at the same session, previous to the enactment of this statute, passed the general “ act to incorporate the State Bank of Ohio and other banking companies,” which was intended to regulate the whole subject of banking in this state, by carefully considered and guarded ^provisions. Banks organized under its provisions were authorized to do “ any business properly appertaining to banking;” and, among other powers specified, were authorized, in express terms, to “ receive deposits.” S. & C. Stat. 136, sec. 51. The same power is given in express terms in the “ act to authorize free banking,” subsequently passed. S. & C. Stat. 169, sec. 10. '
Moreover, at the time of the passage of the act of March 12,1845, to prohibit unauthorized banking, before alluded to, there were certain corporations supposed to be engaged, under their general powers, in the business prohibited by the first section of that act; yet, while the act was to take effect on the first day of June following its passage, it is provided in the eleventh section “ that the first *346 section shall not take effect before the first day of March, 1846, upon any existing corporation now engaged in the business prohibited by that section, and which has duly reported, and shall continue to report, its dividends and profits to the auditor of state for taxation.” After the expiration of that period, even these corporations would, like others, be subjected to the prohibitions of the first section, for want of “express authority” to engage in the prohibited business.
It would seem, from, a review of this act, in connection with the general banking law, -that it was the policy and purpose of the framers of those acts, in their effort to restrain unauthorized banking, to require that a corporation, before it could be permitted to engage in the business of banking upon deposits, should have the authority of a law of this state as clear and express as would be required to authorize a corporation to do a like business upon notes of its own creation and issue.
.Under this view of the spirit of this statute and the meaning of its first section, it remains to be considered whether this corporation had “express authority of a law of this state” to engage in the business of banking as set forth in the answer, and prohibited in that section. It is quite immaterial whether the power may be inferred from the express powers granted; the question is whether this authority is expressly conferred.
*The defendant in error was created by a special act of the legislature, conferring upon it the powers granted by a general ■statute to “ incorporate religious societies.” ¥e would scarcely expect to find all such societies endowed with banking privileges. Recurring to the act, we find that this society is empowered with capacity to acquire, hold, enjoy, and dispose of a house of public worship, a grave-yard, a parsonage, a limited ambunt of other property, and property of the income of one thousand dollars, to be applied to the support of public worship and such other institutions of learning and charity as may be connected with such society, and for no other purpose. Among these provisions where can banking powers be discerned ? It is, however, sufficient for the case before us, to say that there is conferred here no “ express authority” for this “incorporated religious society” to “establish a bank, or engage in the business of banking, to receive on de]308it, keep, and circulate the money or bank jtaper of others.”
Since, then, the note in suit was discounted by the corporation *347 in the transaction of a business forbidden by statute, it is illegal and void. It follows, that the judgment rendered upon it at the special term should have been reversed at the general term of the court below.
The two cases following the present one on the docket—that of G. Elotter & Go., and that of Ghristian Boss, each against the same defendant in error—are argued by counsel with this, and it is conceded that the questions presented in all of the eases are substantially the same.
In each case the judgment of both the general and special term must be reversed, and the causes remanded for farther proceedings
Scott, C. J., and Welch and Brinkerhoee, JJ., concurred.
White, J., concurring in the proposition stated in the syllabus, dissented to its application to the cases.